IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIRECTV, INC.,

           Plaintiff,

v.                                    CIV 03-055 KBM/LFG

FRANK PEREZ, JESUS BARNEY,
RAMON BARRERA, KAYE BLANKS,
DANNY DUNAGAN, MIKE EICHEM,
and RANDY HAZELBAKER,

           Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Danny Dunagan's Motion to Dismiss Count 3, and Alternatively Motion for Summary Judgment as to All Counts *(Doc. 41)*.  Before I can address that motion, however, I feel the need to *sua sponte* raise the issue of proper joinder of the defendants.

Recently District Judge William P. Johnson *sua sponte* issued an order to show cause how defendants are properly joined in the same circumstances. *See DIRECTV, INC. v. Banks, et al.*, CIV 03-610 WJ/LFG, *Doc. 31* (D.N.M. October 17, 2003).  There, as here, the complaint states that the "lawsuit involves the surreptitious possession and use of illegal devices and equipment deigned to intercept and decrypt DIRECTV's protected satellite communications, ultimately allowing for the free viewing of television programming."  As Judge Johnson observed, "The only alleged common thread among the Defendants is that they are each alleged to live in or conduct business in New Mexico, and their alleged orders for 'pirate access devices'

were each allegedly shipped through the same shipping facility." *Id.*

Evidently, with the assistance of law enforcement, DIRECTV executed Writs of Seizure at the mail shipping facility used by many distributors of such "pirate access devices." Plaintiff asserts that seized records from the "Fulfillment Pirate Group" indicate that each of the named defendants purchased such a device from that distributor. Plaintiff does not allege that the defendants acted in concert or pursuant to a conspiracy.

It appears that DIRECTV has launched nationwide litigation against thousands of individuals whose names appeared on purchasing records seized from the mail facility. A review of the recent case law indicates that Plaintiff has chosen not to file separate suits against each defendant but instead to group defendants by the same alleged device vendor but in groups of ten or less. *See e.g. DIRECTV, Inc. v. Lieu*, CIV 03-052 MCA/LFG (ten defendants, Fulfillment Pirate Group as vendor); *DIRECTV, INC. v. Penrod*, CIV 03-054 LFG (eight defendants, Fulfillment Pirate Group as vendor); *DIRECTV, INC. v. Banks, et al.*, CIV 03-610 WJ/LFG (ten defendants, Fulfillment Pirate Group as vendor); *DIRECTV, INC. v. Dillard*, CIV 03-1058 (four defendants, Mountain Electronics as vendor).

Even if there exist common questions of fact or law, several courts have already ruled that joinder under these circumstances violates Rule 20 of the Federal Rules of Civil Procedure because the claims against all joined persons does not "aris[e] out of the same transaction or occurrences." *See DIRECTV v. Armellino*, 216 F.R.D. 240 (E.D.N.Y. 2003); *DIRECTV v. Loussart,* ___ F.R.D. ___, 2003 WL 22331775 (S.D. Iowa October 2, 2003); *DIRECTV v. Blahuta*, No. 03 C 6287, 2003 WL 22225585 (N.D. Ill. Sept. 25, 2003) (unpublished Memorandum Order). Indeed, one court found that

> DirecTV asserts that under the permissive joinder rules in their

> broadest form, the Defendants are properly joined because their behavior amounts to a series of transactions that are logically related to one another. The transactions are logically related to one another in the same way that purchases of milk from the grocery store are logically related to one another: each transaction involves a transaction in a similar good for a similar purpose. Beyond that, the similarities end. DirecTV's position broadens the joinder rule too far.

*DIRECTV, Inc. v. Perez*, 2003 WL 22682344 (N.D. Ill. November 12, 2003). Nevertheless, as a threshold matter, the parties should be given an opportunity to be heard on the joinder issue especially given the present procedural posture.[1]

Wherefore,

**IT IS HEREBY ORDERED** that in a brief to be filed by December 8, 2003, Plaintiff DIRECTV, INC. shall show cause how the defendants in this case are properly joined pursuant to FED. R. CIV. P. 20 or otherwise. Defendants may file responses, if any, by December 22, 2003. Plaintiff may file a reply brief, if any, by December 31, 2003.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the Plaintiff and Defendant Dunagan have consented to have me serve as the presiding judge and enter final judgment. As of today, it appears that all served defendants have likewise consented to having a magistrate judge preside.
However, there is no indication that Plaintiff has effected service on Defendant Jesus Barney, and Defendant Frank Perez has filed neither a consent nor a refusal to consent. For those courts identified above which have found a misjoinder of defendants, the remedy was to dismiss the complaint without prejudice as to all but the first named defendant.